## CIRCUIT COURT OF THE CITY OF RICHMOND

City of Richmond

v.

Tobacco Row Property, L.P., et al.

January 13, 1995

Case No. LW-2523

BY JUDGE RANDALL G. JOHNSON

This action was brought by the City of Richmond alleging a breach of an agreement to pay delinquent real estate taxes. Defendants are Tobacco Row Property, L.P., a limited partnership, and William H. Abeloff, the managing general partner of Tobacco Row Associates, L.P., which is the managing general partner of Tobacco Row Property. Trial without a jury was held on July 21, 1994, and the matter was taken under advisement at the request of the parties for submission of briefs. After several further delays, including the parties' request that no decision be rendered while they engaged in settlement discussions, the matter is now ripe for decision.

The court adopts the following facts. On February 28, 1992, the City of Richmond entered into a "Delinquent Tax Payment Agreement" (the agreement) with Tobacco Row Property for past due 1991 real estate taxes in the amount of $94,495.89, plus all accrued penalties and interest. The agreement required Tobacco Row to pay $7,000 up front, with the City agreeing to forebear collection activities until the balance of $87,495.89 was paid in compliance with the agreement. Such balance was to be paid "on or before the earliest of: (a) The date of March 3, 1993; (b) A financial restructuring and recapitalization of Tobacco Row Property, L.P.; [or] (c) The closing of permanent financing for any subsequent phase of development of Tobacco Row Property, L.P." The earliest event to occur was the date of March 3, 1993. When Tobacco Row failed to pay the balance of the taxes due, the City filed this action for breach of contract.

Defendants argued at trial and in their briefs that the subject agreement is void *ab initio* because the agreement gave them approximately one year

to pay the delinquent taxes. Defendants contend that such an extension is in violation of Va. Code § 58.1-3916, which provides, in pertinent part, that a governing body may "provide for reasonable extensions of time, *not to exceed ninety days*, for the payment of real estate taxes." (Emphasis added.) Further, defendants contend that the agreement constituted an abrogation of the City's taxing power under Va. Const., Art. X, § 1, in that by entering into the agreement, the City "refused" to collect taxes. Defendants also raise a violation of Va. Const., Art. X, § 6, which deals with tax exemptions, in their brief. Finally, defendant Abeloff contends that he is not a proper defendant because he is not a general partner of Tobacco Row Property, L.P., but rather of Tobacco Row Associates, L.P.

Plaintiff counters that the agreement did not violate Va. Code § 58.1-3916 because the agreement was not an extension of time to *pay*, but rather a forbearance of *collection* activity by the City. Additionally, the City argues that Va. Code § 58.1-3916 is an enabling statute and therefore inapplicable to the present controversy. As to the constitutional argument, the City contends that such agreement is without merit because under the agreement the City is not refusing to collect taxes or declaring a tax exemption but, again, simply *delaying* collection. In regard to defendant Abeloff, the City alleges that he is liable for the debt of Tobacco Row Property because he is the general managing partner of Tobacco Row Associates, which is liable as general partner of Tobacco Row Property. Therefore, the issues before the court are whether the City violated Va. Code § 58.1-3916 and the Virginia Constitution by entering into the "Delinquent Tax Payment Agreement" with Tobacco Row, and whether Abeloff bears personal liability for the debts of Tobacco Row Property.

The court finds that the City did not violate Va. Code § 58.1-3916 by entering into the payment agreement with Tobacco Row Property. The agreement did not extend the time period for *payment* of taxes. Indeed, payment was still due, and penalty and interest were imposed because of nonpayment. The agreement, by its express terms, merely created a period of time during which the City would forebear *collection* activities. As the final paragraph states:

> During the life of this agreement, the City of Richmond shall take no further action to collect this debt, provid[ed] all terms, conditions and payments required are met.

Because the agreement was not an extension agreement, Va. Code § 58.1-3916 is not implicated.

Defendants' constitutional argument is equally without merit. The City did not refuse to tax or collect taxes on the property which was the subject of the agreement, nor was such property declared to be exempt from taxation. Clearly, the property had already been taxed as evidenced by the delinquent sum. The agreement set the terms for collection, but did not constitute a refusal to collect or an exemption. The fact that penalty and interest continued to accrue on the delinquent sum until it was paid indicates that the defendants were not enjoying a grace period in which they were free from taxation or collection of taxes.

As to defendant Abeloff, the court finds that he is a proper defendant and personally liable for the taxes owed by Tobacco Row Property. He is the general partner of the managing partnership of Tobacco Row Property and as such incurs personal liability for all debts of that partnership. In other words, since Tobacco Row Property is liable, Tobacco Row Associates is liable. And since Tobacco Row Associates is liable, Abeloff is liable. The court dismisses defendants' argument on this point as nothing more than semantics.